[No. 2651.]

WILLIAM STELL *v.* THE STATE.

1. TRIAL BY JURY.—The Constitution of this State ordains that the right of trial by jury shall remain inviolate, and requires the Legislature to pass such laws as are needed to regulate the same, and to maintain its purity and efficiency; but it further provides that a jury in the county courts shall consist of six men. The Code of Procedure requires that a verdict in a criminal action in a county court must be concurred in by every member of the jury.
2. WAIVER OF JURY IN MISDEMEANORS.—The right of trial by jury may be waived by the accused in a misdemeanor case, and this right of waiver implies his power to consent to a trial by a jury composed of less than six men. If there was a waiver by the accused, the record on appeal must affirmatively show that fact. If it fails to show a waiver, but shows that the jury consisted of less than the legal complement, the error is a radical one on appeal, whether mooted in the trial court or not; because such a state of case manifests that the conviction was not by "due course of the law of the land."

APPEAL from the County Court of Dallas. Tried below before the Honorable R. E. Burke, County Judge.

The information in this case charged the appellant with an aggravated assault and battery upon one S. A. Bush, with a grain shovel, which was alleged to be a deadly weapon. The conviction, however, was for a simple assault only, and a fine of five dollars was the punishment assessed. The judgment entry recites a trial by "a jury of good and lawful men, to wit: S. P. Cross and four others," but fails to disclose how such a jury was impaneled. The defendant's motion for a new trial was the first stage of the case at which objection to the jury was taken. The motion was overruled and the defendant appealed.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUSTICE. It is an express provision of our Constitution, "That the right of trial by jury shall remain

inviolate. The Legislature shall pass such laws as may be needed to regulate the same and to maintain its purity and efficiency." (Const., Art. 1, sec. 15.) Again, in Section 17, Article IV, it is provided that "A jury in the County Court shall consist of six men." And again, by Article 595 of the Code of Criminal Procedure it is declared that "in the District Court the jury shall consist of twelve men; in the County Court and inferior courts the jury shall consist of six men." And still again: "In the County Court, in all criminal actions, the jury consists of six men, and the verdict must be concurred in by each of them." (Code Crim. Proc., Art. 708.)

In misdemeanor cases the defendant may, it is true, waive his right of trial by jury (Code Crim. Proc., Art. 22), and this right would carry with it doubtless the further right to agree to a trial by a jury composed of less than six men. But where the right has not been waived in any respect, and a jury is impaneled to try the cause, the jury, to be a constitutional and a legal jury, must be composed of six men—no more and no less. The record must show that the jury was a legal one, and if it does not the error is a radical one which will be considered on appeal, whether properly availed of in the court below or not (*Marks* v. *The State*, 10 Texas Ct. App., 334), because "due course of the law of the land" demands a legal conviction by a legal jury.

In the case under consideration the judgment shows, and other portions of the record also make it manifest, that a jury of only five men was impaneled and tried the case, and there is nothing indicating a waiver or consent on part of defendant; on the contrary, it is shown in his motion for a new trial that he did not consent, because he makes it one of the grounds of his motion.

Because the case was not tried by a legal jury and in conformity with the due course of the law of the land, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered April 13, 1883.